UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO SANTIAGO RAMIREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SPEARMAN, Warden,<br><br>　　　　　Respondent. | Case No. 1:14-cv-01798-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S STATE LAW CLAIM WITHOUT LEAVE TO AMEND (DOC. 1) AND REFER THE MATTER BACK TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on May 8, 2014, and transferred to this Court by the United States District Court for the Northern District of California on November 17, 2014.

　　I.　Screening the Petition

　　Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges he is serving a sentence of twenty-seven years to life imposed in the Kern County Superior Court in January 1997 for shoplifting goods that Petitioner alleges were

worth under $40.00.  (Doc. 1 at 2, 7.)  Petitioner alleges his sentence is disproportionate to his crime and as such violates the Eighth Amendment of the Constitution and Article I section 17 of the constitution of the State of California.

## II.  State Law Claim

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Federal habeas relief is available to state prisoners to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002).  The Court accepts a state court's interpretation of state law.  Langford v. Day, 110 F.3d 1180, 1389 (9th Cir. 1996).  In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions.  Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that any application or interpretation of state law by the state courts was associated

with an attempt to avoid review of federal questions.  Thus, this Court is bound by the state court's interpretation and application of state law.

Petitioner's allegation that his sentence violated the constitution of the State of California raises a state law claim.  Because the claim concerning a violation of the state constitution rests solely on state law, it is not cognizable in a § 2254 proceeding and must be dismissed.  The defect in this claim stems not from an absence of allegations of fact but rather from the nature of the claim as a state law claim. Accordingly, the claim will be dismissed without leave to amend because Petitioner could not allege a tenable state law claim that would warrant relief in this proceeding even if leave to amend were granted.

Petitioner's claim of cruel and unusual punishment in violation of the Eighth Amendment remains pending.  It will be recommended that after dismissal of the state law claim, the case be referred back to the Magistrate Judge to order a response to the remaining claim and issue a scheduling order.

III.   Recommendations

Accordingly, it is RECOMMENDED that:

1) Petitioner's state law claim that his sentence violates the constitution of the State of California be DISMISSED without leave to amend; and

2) Upon dismissal of the state law claim, the matter be referred back to the Magistrate Judge to order a response to the remaining claim and issue a scheduling order.

///

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 30 days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within 14 days (plus 3 days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, - F.3d -, -, no. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 31, 2014**                     /s/ Sheila K. Oberto
                                                             UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28