UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO SANTIAGO RODRIGUEZ,<br><br>                Plaintiff,<br><br>        v.<br><br>SPEARMAN, Warden,<br><br>                Defendant. | No. 1:14-cv-01798-AWI-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR LACK OF JURISDICTION**<br><br>**(Doc. 27)** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss, contending that the petition (1) is successive within the meaning of 28 U.S.C. § 2244(b) and (2) was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner did not file opposition to the motion to dismiss. Having reviewed the petition, the record, and applicable law, the undersigned recommends that the Court deny the petition.

**I.      Procedural and Factual Background**

In January 1997, the Kern County Superior Court convicted Petitioner of felony petty theft and two counts of second-degree burglary. After finding multiple sentencing enhancements to be true, the Court sentenced Petitioner to an indeterminate prison term of 27 years to life. The

California Court of Appeal, Fifth Appellate District, affirmed the judgment on November 16, 1998.  The California Supreme Court denied review on February 3, 1999.

Petitioner thereafter filed seven collateral challenges to his conviction in state courts: (1) February 17, 1997, Kern County Superior Court, denied February 21, 1997; (2) April 13, 1999, California Supreme Court, denied July 28, 1999; (3) February 21, 2013, Kern County Superior Court, denied April 24, 2013; (4) July 21, 2013, California Supreme Court, denied October 2, 2013; (5) November 19, 2014, Kern County Superior Court, denied January 29, 2015; (6) March 8, 2015, California Court of Appeal, Fifth Appellate District, denied April 15, 2015; and (7) April 26, 2015, California Supreme Court, denied July 8, 2015.

On January 25, 2000, using the name "Roberto Ramirez Santiago,"[1] Petitioner filed a federal petition for writ of habeas corpus in this Court.  *See Santiago v. Roe*, CV F 00-5119 REC/SMS-P (E.D.Cal.).  On July 23, 1991, the Court denied the petition on its merits.  Petitioner then appealed to the U.S. Court of Appeals for the Ninth Circuit, which affirmed the judgment on May 20, 2003, and denied reconsideration on February 5, 2004.

Petitioner filed the petition in this action on October 29, 2013.

II.     **Petition is Banned as a Successive or Secondary Petition**

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear

---

[1] In both cases, Petitioner specified that his California prisoner identification number is K-37446.

and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed.  28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").  This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals.  *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996).  In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition.  *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner presents no indication that he has obtained an order from the Ninth Circuit authorizing the filing of a successive petition attacking his 1997 conviction.  As a result, this Court lacks jurisdiction to consider the petition and must dismiss it.  *See Greenawalt*, 105 F.3d at 1277.

### III.    Petition is Untimely

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Accordingly, the statute of limitation in this

///

case expired one year after the California Supreme Court's denial of review on April 13, 1999. The petition in the above-entitled case is untimely.

**IV.     Conclusion and Recommendation**

The undersigned RECOMMENDS that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **September 8, 2015**                    **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE

4